# W. O. ELLIS v. AUGUST BONNER.

## No. 3080.

1. **Contract for an Article to be Manufactured.** — Contracts with regard to the purchase of manufactured articles referred to in Gammage v. Alexander, 14 Texas, 414, relate to personal property in the possession of the manufacturer. The rule does not apply to contracts for the construction of a dwelling house upon land owned or controlled by the purchaser.

2. **Contract Construed—Levy of Attachment.**—A contract was made with a building corporation for the purchase and erection of two portable houses upon land of the purchaser. The building company delivered a quantity of material under the contract for the houses upon the ground, upon which material the purchaser made a payment. The material so furnished was seized and sold under an attachment as the property of the building corporation. In a suit by the purchaser against the plaintiff in attachment for damages for the seizure and sale, *held:*

1. As the building corporation could not remove the material without repayment of the money advanced on it, the purchaser under attachment could get no better right.

2. The levy should not have been made by seizure of the material, but by notice upon the purchaser.

3. As the plaintiff in attachment believed the property liable for his debt, and the attachment was regularly issued, there was no basis for exemplary damages in the suit by the purchaser from the corporation against the purchaser under the attachment.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion gives a statement.

*Brady & Ring,* for appellant.—1. It was conclusively shown by the evidence that the title of the property had not passed to Bonner at the time the attachment was levied, because the delivery of the same had not been completed. Gammage v. Alexander, 14 Texas, 414; Cleveland v. Williams, 29 Texas, 210; Clarkson v. Stephens, 106 U. S., 514; Hutchins v. Oil Company, 100 U. S., 132; Andrews v. Durant, 11 N. Y., 36; McConihe v. Railway, 20 N. Y., 495; Cornell v. Clark, 104 N. Y., 451; Wollensak v. Brigg, 10 N. E. Rep., 23.

2. The court erred in submitting to the jury the issue of exemplary damages. Stansell & Younger v. Cleveland, 64 Texas, 660.

Ellis had every moral ground to believe, first, that the title of the property had not passed to Bonner, and second, that the intended sale was fraudulent. There is not a scintilla of evidence tending to show

any malice on his part. It was simply a question of law and of fact, from which he as a responsible man had a right to infer that his attachment would hold. The damages awarded were entirely uncalled for and excessive, and unjustified by the evidence.

*H. F. Fisher* and *Jones & Garnett*, for appellee.—1. It was conclusively shown by the evidence that the title of the property had passed to Bonner at and before the time the attachment was levied, because the delivery of what was levied on was complete, and the fact that the company may still have had to deliver such missing portions as might be needed did not entitle the company or its creditors to take from Bonner what had been delivered, and upon which he had paid $1038 in cash. Benj. on Sales, pp. 568, 569, and authorities there cited; Hopkins v. Partridge, 71 Texas, 608.

The authorities cited by appellant are not believed to be applicable in this case.

2. It was not only proper for the court to submit the issue of exemplary damages to the jury, but it was also eminently proper for the jury to award exemplary damages. Blum v. Stein, 68 Texas, 616.

HENRY, ASSOCIATE JUSTICE.—The Houston Building Company was a corporation engaged in the manufacture and sale of portable houses.

Bonner contracted with an agent of the company for the purchase and erection of two portable houses upon a designated lot in the city of Houston of which he had control. The price agreed to be paid for the houses when erected was $1638. It seems that the building company only had in stock at the time of the agreement the material for two portable houses, together with a lot of material or fragments left over from other sales. The evidence tends to show that on account of financial difficulties the business had about come to a close.

While the evidence refers to the transaction with Bonner as a sale of "two houses," it appears that the material for their construction was not quite complete, and that the agent of the building company agreed to supply the deficiency by purchasing the necessary material elsewhere, and that it would cost about $200. The agent of the building company delivered the material on hand upon the lot designated by Bonner preparatory to its being there put together, upon which Bonner paid to him $1038 of contract price. Subsequent to such delivery and payment appellant caused a writ of attachment against the building company to be levied upon the material, which was subsequently sold in pursuance of the levy as the property of the building company and purchased by Ellis.

Bonner instituted this suit to recover actual and exemplary damages, resulting in a verdict and judgment in his favor for $2000 actual and $2000 exemplary damages.

Appellant requested the court to charge the jury to find for the defendant, and assigned as error the refusal of the court to give the charge. In support of the assignment appellant in his brief refers to the case of Gammage v. Alexander, 14 Texas, 414, and quotes from the opinion as follows:

"The rule in relation to acts necessary to pass property to the purchaser of any goods ordered to be manufactured is that stated by Story in his treatise on sales, viz.: 'Where the contract of sale is executory and for an article which is not in existence at the time of sale but is to be manufactured or made, or is to be grown, no property passes therein to the vendee until the thing is not only finished but is either actually delivered to him or at least set aside and appropriated to him and accepted by him.' Nor does it make any difference that the price is advanced or that the time and mode of paying are agreed upon, or that the dimensions of the contract are stated." And further, in the same case, the court says: "Goods when manufactured to order must not only be set apart but they must be delivered by the mechanic, or they must be accepted or approved by the vendee before they can become his property or at his risk."

We do not think that the rule here invoked is applicable to the facts of this case. Contracts with regard to the purchase of manufactured articles, to which the authorities referred to apply, relate to personal property in the possession of the manufacturer and not to constructing a dwelling house upon land owned or controlled by the purchaser.

It was within the power of the parties to contract either that the title to the material should vest in Bonner when it was delivered upon the lots, or that it should remain in the building company until the construction of the houses was complete, and should then vest in Bonner.

Evidence upon the point was introduced. It is not necessary or proper for us to express an opinion as to the weight or result of the evidence further than to say that some of it was evidently merely an expression of the opinion of the witnesses. Upon another trial it will be proper for the witnesses to state what the contract with regard to the purchase was, and also what acts were done under it, without giving their own conclusions as to the legal effect of the contract.

If the contract was that the building company should construct the houses out of its own material, then the legal title in the material would remain in it, and would be liable to seizure and sale for its debts subject to such equities as might exist in favor of others.

It would be different if the agreement of the company was to sell to Bonner the material for the houses and also to construct the houses, intending that the property in the material should be in him and at his risk until the construction of the houses should be completed. What the contract was in these respects is a question of fact for the jury to

find, considering all that was said and done by the parties before the levy of the writ of attachment.

If the contract was intended to be a sale of the material the delivery of it upon a lot controlled by Bonner would be sufficient to make the title pass to him in the material so delivered. But if the agreement was that the building company should deliver to Bonner completed houses, and not that the title in the material to be used should vest in him before it was used in the buildings, then the mere delivery of the lumber upon the designated lot and a partial payment for it would not, as between the building company and Bonner, vest the title in the material in the latter before the completion of the houses. Benj. on Sales, sec. 340.

Under our statute with regard to mechanics' liens we think the rule would be different where third parties furnish material for the building. But if under a proper construction of the contract the title to the material remained in the building company before being put into the building, and was therefore subject to levy for its debts, it does not follow that Bonner had not acquired in it an interest which should be protected.

If it be conceded that the title to the material remained in the building company, still it had delivered the lumber to Bonner and received money from him as a payment upon it under circumstances that justified him in believing, and sufficient to at least show an implied contract, that the very material should be used in the construction of the houses. Under such circumstances the building association would not have been allowed to take the property from Bonner's possession, and deprive him of it as a security for the money paid by him.

The plaintiff in attachment knew the facts and could not acquire a greater right than the building company had. If the title remained in the building company Ellis, by its seizure, sale, and conversion, made himself liable to pay to Bonner the amount of money he had paid upon his contract, with interest. In that state of case the defendant in execution would not have the right of possession, and while his interest would be subject to sale the levy should have been made by notice and not by taking possession. Rev. Stats., art. 2292.

The court did not err in refusing to charge the jury to find for the defendant.

The suing out of the attachment is not an issue in this cause. The only question is with regard to its levy.

Notwithstanding his knowledge of the facts, Ellis believed that the property was subject to the payment of his debt. We can see in the case no element of oppression or malice.

We do not think that the court should, under the evidence, have submitted to the jury the issue of exemplary damages, and if that had been proper still the evidence does not justify the verdict in that re-

spect.    We do not mean to intimate an opinion as to the sufficiency of the evidence to sustain the verdict for the amount recovered as actual damages if upon the issue of title the plaintiff shall be found entitled to recover the value of the material seized.

There is nothing in the record showing that there was any error committed by not deducting from the amount of plaintiff's recovery the amount for which the goods were sold under the attachment.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 10, 1891.

*H. F. Fisher* and *Jones & Garnett,* for appellee, argued a motion for rehearing.    The motion was refused.