### W. W. Wetsel v. E. M. Tillman.

### No. 197.

**Damages for Wrongfully Attaching Real Estate.**—To the general rule, that a wrongful levy of an attachment on real estate furnishes no cause of an action for damages, there is an exception where the defendant in attachment had an opportunity to sell which was defeated by the levy of the attachment, and the property depreciated in value after that time.

Appeal from Potter. Tried below before Hon. H. H. Wallace.

*Matlock & Peacock* and *Thomas F. Turner*, for appellant.—If appellant owned the real estate levied upon and was in legal possession of the same, and it can be shown that appellant was desirous of selling the same, and had an opportunity to sell at an acceptable price, and was prevented by the wrongful levy of a writ of attachment on the same by appellee from selling the same, and that when the attachment was discharged the property had depreciated in value, appellee would be liable to appellant for

whatever damages he may have sustained that resulted directly from the attachment; and it is immaterial whether he was physically dispossessed of the property or not. Trawick v. Martin Brown Co., 79 Texas, 460; Wade on Attach., sec. 301; Railway v. Molloy, 64 Texas, 607.

*Browning & Madden*, for appellee.—Unless the possession of land is disturbed, there can be no claim for damages for levy on land. Howeth v. Mills, 19 Texas, 295; Bryan v. Bridge, 6 Texas, 137; White v. Graves, 15 Texas, 187; Great v. Gillespie, 25 Wend., 383; Trawick v. Martin Brown Co., 79 Texas, 460; Heath v. Lent, 1 Cal., 410; Brandon v. Allen, 28 La. Ann., 60.

TARLTON, CHIEF JUSTICE.—Appellant's brief furnishes us with the following substantially accurate statement of the nature of this suit:

"This is an action brought by W. W. Wetsel against E. M. Tillman, in the District Court of Potter County, Texas, to recover damages sustained by appellant by reason of the wrongful levy of a writ of attachment upon his real estate by the sheriff of Potter County, at the instance of appellee.

"The original petition was filed on the 14th day of February, 1890, and on the 4th day of March, 1891, appellant filed first amended petition, and alleged, in substance, that on the 4th day of January, 1889, the plaintiff was possessed of and owned certain town lots located in the town of Amarillo, Potter County, Texas, described as follows:" (Here follow a specific description and valuation of the lands.)

"That the whole of the property, on the 4th day of January, 1889, was reasonably worth the sum of $2155. That on the said 4th day of January, 1889, defendant, through his agent, H. M. Friend, procured to be filed a petition beginning a suit against the alleged firm of F. G. Johnson & Co., in the District Court of Potter County, wherein it was claimed that the alleged firm of F. G. Johnson & Co. was indebted to E. M. Tillman in the sum of $1419.85.

"That said petition contains an allegation that the firm of F. G. Johnson & Co. was composed of F. G. Johnson and W. W. Wetsel (the appellant herein), which allegation was, within the knowledge of the defendant, wholly false and unfounded.

"That on the said 4th day of January, 1889, H. M. Friend, agent of the said E. M. Tillman, by direction of the said Tillman, procured an attachment to be issued against F. G. Johnson & Co., and had the same levied upon the property hereinbefore described to satisfy his claim against the alleged firm of F. G. Johnson & Co., and that said agent H. M. Friend, acting under instructions from defendant E. M. Tillman, had the sheriff of Potter County, on said 4th day of January, 1889, to levy said writ of attachment on the property of plaintiff herein before described.

" That when the said H. M. Friend sued out said writ of attachment, he did so at the instance and under the direction of defendant E. M. Tillman.

" That plaintiff W. W. Wetzel was not at the time said attachment was issued a member of the alleged firm of F. G. Johnson & Co., nor was he ever at any time a member of said firm, and that defendant well knew that he was not and had never been a member of said firm.

" That plaintiff was not at that time, nor had he ever been, indebted to defendant in any manner or in any sum whatsoever, and this the defendant well knew.

" That the defendant's agent, H. M. Friend, wrongfully and maliciously, and without probable cause or any legal right, sued out said attachment and procured the same to be levied on plaintiff's property. That the said Friend, at the time he procured the writ of attachment to be issued, well knew there was no probable cause therefor, and that he did the same maliciously for the purpose of injuring and oppressing the plaintiff.

" That the said E. M. Tillman, since the issuance of said writ of attachment, and knowing the malicious intent of the said H. M. Friend in suing out said writ, approved and ratified the acts of said agent.

" That said property at the time it was seized under said attachment was reasonably worth the sum herein before stated ($2155), and that by reason of an incoming of settlers and the consequent growth of the town, it rapidly increased in value, so that on the 1st day of March, 1889, its value had become enhanced 100 per cent. That on the said 1st day of March, 1889, said property was in great demand, and plaintiff had at that time divers opportunities to sell said property at said enhanced prices, and would have accepted offers to purchase said property at said enhanced price, but was prevented from selling the same by reason of said property being held under defendant's attachment, and by reason of the cloud cast upon the title to the same by levy of said attachment. That said property on the 1st day of March, 1889, was reasonably worth and could have been sold by plaintiff for the sum of $4310, had it not then been held under attachment of defendant.

" That on or about the 1st day of March, 1889, plaintiff had an offer made him through his agent to purchase his entire interest in all of said lots and blocks that were levied upon by said attachment writ, at an average of $38.50 per lot, and plaintiff was desirous of selling said lots at said price, and had authorized his agent to accept said offer for said lots; but that the parties making said offer refused to take said lots when they heard that they were held under said writ of attachment. That but for the levy of said writ of attachment upon said property, he could and would have sold said lots to the said parties for the average price of $38.50 per lot.

"That at the time said property was released from the attachment, on the 6th day of September, 1889, it had become, by reason of the removal of a large part of the business of said town, and a large number of the business houses therein, to the adjoining section, known as the Sanborn Addition to the town of Amarillo, Texas, greatly depreciated in value, and was reasonably worth on said date about one-tenth as much as on the 1st day of March, 1889, and could have been sold for only about $400.

"That plaintiff's interest in lot 10, block 20, was at the time of said levy rented for the sum of $12.50 per month, and was, during the period it was held under defendant's said attachment, reasonably of the rental value of $12.50 per month, and that plaintiff, by reason of said lot 10, block 20, being held under defendant's said attachment, was wholly deprived of the use and rental thereof.

"That by reason of the premises, plaintiff sustained actual damages in the sum of $5000; and that by reason of the premises, and the further fact that plaintiff has been put to great trouble and expense in defending his property against said malicious and causeless suit and attachment, plaintiff has sustained damages in the further sum of $5000 as exemplary damages."

The court sustained an exception termed a special exception, and alleging a defect in the amended petition, because it fails to show "that the plaintiff was dispossessed of the property levied upon, and therefore shows no actual damages for the acts of the defendant."

We think the court erred in sustaining this exception.

In Trawick v. Martin Brown Company, 79 Texas, 460, relied upon by appellee, it is held, that as a general rule a wrongful levy of an attachment writ upon real estate furnishes no cause for an action for damages.

This case, however, itself intimates an exception to this rule, where it is alleged that the defendant in attachment "had an opportunity to sell, and that the sale was defeated by the levy of the attachment, and that the property had depreciated in value since that time." These allegations the petition here contains.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 28, 1893.