EPPS & MATTOX v. L. B. HAZLEWOOD.

Decided October 18, 1905.

**1.—Attachment—Probable Cause—Seizing Property of Another.**

On the issue of liability for the seizure and conversion by virtue of an attachment of the property of a person other than the attachment defendant, the existence of probable cause for the issuance of the attachment is foreign to the question.

**2.—Same—Malice—Definition.**

Any unlawful act done wilfully and purposely to the injury of another is, as against that person, malicious. It need not imply malignity or even corruption in the appropriate sense of these words. Any improper motive constitutes malice as the term is used with reference to a wrongful seizure of property by virtue of an attachment.

**3.—Same—Exemplary Damages—Fact Case.**

Evidence held to warrant a judgment for exemplary as well as actual damages against plaintiffs in attachment and the officer levying the writ upon the property of a person other than the attachment defendant after notice of the owner's claim to the property.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

*J. F. Holt* and *Smith & Beaty,* for appellant.

*R. R. Hazlewood* and *Don A. Bliss,* for appellee.—The· wrongful seizure of appellee's property for the debt of another, after notice of appellee's ownership, warranted the recovery of exemplary damages. Cone v. Lewis, 64 Texas, 331; Gross v. Hays, 73 Texas, 518; San Antonio & A. P. Ry. v. Kniffen, 23 S. W. Rep., 457; Jacobs, Ternheim & Co. v. Crum, 62 Texas, 401; Craddock v. Goodwin, 54 Texas, 578; Rogers v. Ferguson, 36 Texas, 544; Champion v. Vincent, 20 Texas, 812; Hedgepeth v. Robertson, 18 Texas, 858; Ellis v. Stine, 55 S. W. Rep., 758; Erie Tel. & Tel. Co. v. Kennedy, 80 Texas, 71.

NEILL, ASSOCIATE JUSTICE.—The suit was brought by appellee against C. C. Epps and J. P. Mattox, composing the firm of Epps & Mattox, and W. B. O'Neal, as constable, and the sureties on his official bond, to recover damages, both actual and exemplary, against them for the seizure and conversion, under the guise of a writ of attachment issued out of the Justice's Court, in favor of Epps & Mattox against one G. W. Hardy, of certain cotton owned by appellee. The case was tried before a jury, and the trial resulted in a judgment against Epps, Mattox, O'Neal and the sureties, on the latter's official bond, for the sum of $320 actual damages, as well as in a judgment against Epps, Mattox and O'Neal in the sum of $100 exemplary damages.

The evidence is reasonably sufficient to show that the cotton in question was grown by Hardy on premises rented by him; and prior to its alleged seizure and conversion by defendants it had been purchased in good faith from him by the appellee, who paid, or assumed the payment for Hardy of indebtedness due by Hardy, equal to the value of said property; that after such purchase the appellee informed Epps, Mattox and O'Neal of his purchase of the cotton, and exhibited to them a bill of sale in writing, from Hardy, conveying the property to him; that notwithstanding said appellants were informed, and knew of appellee's ownership of the property, they willfully and wrongfully, under a writ of attachment issued in favor of Epps & Mattox against Hardy, which they placed in the hands of W. B. O'Neal, as constable, seized and converted said property, which was of the reasonable value of $320, to their own use, thereby depriving appellee of the value thereof, and that said seizure and conversion was malicious, and done with the intention to wrong and injure the appellee.

Under the first assignment, which complains of the court's submitting the issue of exemplary damages, appellants' proposition is that plaintiff's petition was insufficient to enable him to recover exemplary damages ˙because it failed to negative the existence of probable cause. The only statement made under this proposition is: "There was nothing in the petition showing the ground on which the attachment issued or denying the existence of probable cause."

The existence of probable cause for the issuance of the attachment is wholly foreign to this case. For the wrong done appellee was not

the issuance of a writ of attachment by Epps & Mattox against Hardy, but the seizure and conversion of the property of appellee under and by virtue of said writ. If the existence and concurrence of every fact that would authorize the issuance of the attachment by Epps & Mattox against Hardy had been alleged and proven, they would constitute no defense to the action against appellants in seizing and converting another man's property by virtue of said writ.

A writ of attachment only gives an officer authority to seize the property of the person against whom it is issued. And if he seizes property of any other person than the defendant named therein he becomes liable to the same extent as any other person would by doing such act without legal process. He not only renders himself liable as a trespasser when he takes the goods of a person not named in the writ as defendant, but such taking is a malfeasance in office, constituting a breach of his bond given for the faithful performance of the duties of his office, and therefore renders his sureties on such bond liable for damages because of the injury sustained. (Shinn on Attachments, sec. 387; Freeman on Ex., sec. 272.)

The question as to whether appellants acted maliciously in the seizure and conversion of appellee's property was purely one of fact to be determined by the jury from all of the facts and circumstances introduced in evidence upon such issue. And as exemplary damages were pleaded, and there was evidence tending to show malice in contemplation of law, it was proper for the court to submit such issue to the jury.

On this issue the jury were correctly instructed by the court "that any unlawful act, done willfully and purposely to the injury of another, is, as against that person, malicious. It need not imply malignity, or even corruption, in the appropriate sense of these words. Any improper motive constitutes malice in the sense it is here used." After thus explaining malice, the court correctly charged the law applicable to the case made by the pleadings and evidence upon the question of exemplary damages. And the jury having found in favor of appellee on such issue, as the evidence tends to support the verdict thereon, we do not feel authorized to disturb it, not even as against the constable, O'Neal. For, he having been informed that the property was not that of the defendant named in the writ of attachment, but that it belonged to appellee, the facts that plaintiff in the writ directed him to make the levy, and to that end gave him an indemnity bond, do not, as a matter of law, exonerate him from liability for exemplary damages. Notwithstanding such facts, the question as to whether he acted maliciously, or his unlawful act in seizing appellee's property was coupled with an intentional wrong, was a question of fact to be determined by the jury from the evidence.

None of the assignments directed against the charge of the court is well taken. It has rarely been our pleasure to read a charge that more fully, fairly, clearly and accurately presents the law on the issues involved in a case than does the one under consideration.

Our conclusion of fact disposes of the assignment which complains of the insufficiency of the evidence to support the verdict. The judgment is affirmed.                                    *Affirmed.*