F. L. NIXON v. FIRST STATE BANK OF HAMLIN.

Decided March 19, 1910.

**1.—Promissory Note—Contemporaneous Agreement Inadmissible.**

Promissory notes being absolute promises to pay in money it is not permissible to vary their terms by evidence of a contemporaneous parol agreement between the maker and the payee that the maker should have the option to satisfy the notes by surrendering certain bank stock for which the notes were given.

**2.—Attachment—Levy upon Realty—Measure of Damage.**

The measure of damage for the illegal levy of an attachment upon realty whereby a sale of the same was prevented, would be the difference between the price at which the owner could have sold the land but for the levy, and the market value of the land immediately after the levy was released.

**3.—Appeal—Practice.**

A proposition not germane to an assignment of error under which it appears, is not entitled to consideration on appeal.

**4.—Judgment—Verdict—Variance.**

In a suit upon promissory notes and for foreclosure of an alleged lien on certain bank stock, the evidence was conflicting as to whether or not the plaintiff had a lien on the stock; the court instructed a verdict for plaintiff on the notes; the issue of lien vel non was not submitted to the jury. Held, the rendition of a judgment foreclosing a lien on the stock was reversible error.

Appeal from the District Court of Jones County. Tried below before Hon. Cullen C. Higgins.

*W. T. Shannon, J. W. Boynton* and *J. B. McMahon,* for appellant. —The court erred in instructing a verdict for the plaintiff. First Natl. Bank of Greenville v. Greenville Oil & Cotton Co., 24 Texas Civ. App., 648; Bond v. Terrell Mfg. Co., 82 Texas, 311; Bonham Cotton Com. Co. v. McKeller, 86 Texas, 700; Galveston City St. Ry. Co. v. City of Galveston, 37 S. W., 31; Texas Comp. Assn. v.

Dublin Comp. Co., 38 S. W., 407; ʻSmith v. White, 25 S. W., 809; Lancaster Gin. & Comp. Co. v. Murry Ginning Co., 19 Texas Civ. App., 113; Weatherford, M. W. & N. W. Ry. Co. v. Granger, 23 S. W., 426; Steger v. Davis, 8 Texas Civ. App., 23; Weatherford, M. W. & N. W. Ry. Co. v. Granger, 86 Texas, 355; Continental Fire Assn. v. Masonic Temple Co., 26 Texas Civ. App., 139; Howe G. & M. Co. v. Jones, 21 Texas Civ. App., 198.

The court erred in rendering judgment against appellant foreclosing a lien on his twenty shares of stock for the reason that the jury did not find for appellee's bank that a lien existed on said twenty shares of stock, and did not find for a foreclosure of the lien upon same.    Ablowich v. Greenville Natl. Bank, 95 Texas, 429; Barnett v. Caruth, 22 Texas, 184; Heisch v. Adams, 81 Texas, 96.

*Woodruff & Yantis, G. M. Shelton* and *Spence, Knight, Baker & Harris,* for appellee.—The maker of negotiable promissory notes can not show, in an action against him by the payee, that it was understood at the time the notes were given that the maker should not be liable thereon, but that he could satisfy the notes by giving up to the payee shares of corporate stock for which the notes were made.    Todd v. Roberts, 1 Texas Civ. App., 8; Weaver v. Fries, 85 Ill., 356; Western Carolina Bank v. Moore, 51 S. E., 79; Joyce, Defenses to Commercial Paper, sec. 342.

The trial court did not err by its judgment in foreclosing the lien on the twenty shares of bank stock, alleged to be the property of the defendant, because it is apparent that said stock was held by the plaintiff bank as security for the appellee's notes herein sued on, and the appellant disclaimed ownership of said shares of stock.    In no event, therefore, can the appellant complain of the foreclosure.

DUNKLIN, ASSOCIATE JUSTICE.—The First State Bank of Hamlin recovered judgment against F. L. Nixon for amounts alleged to be due on three promissory notes, one for twelve hundred and thirty-five dollars, one for ten hundred dollars, and one for two hundred dollars, also for three hundred dollars alleged to be due plaintiff as an assessment on twenty shares of stock in plaintiff bank owned by defendant, and for foreclosure of a lien claimed by plaintiff on said bank stock to secure payment of said notes, and defendant has appealed.

By plea of failure of consideration the defendant alleged that he and one J. E. Jones, his partner in a mercantile business, were induced to take ten shares of stock each in the plaintiff bank, with the understanding and upon an agreement with the promoters of the bank that if they would take the stock they might give their respective promissory notes each in the sum of one thousand dollars in lieu of cash payment for the stock, and that if at any time the holder of the stock should become dissatisfied therewith he should have the right to return the same to plaintiff and that upon receipt of the same the bank would cancel the note given in payment therefor.    Defendant further alleged that thereafter his partner, J. E. Jones, paid the one thousand dollar note given by him to the bank

in payment for the ten shares of stock purchased by him, and then assigned his stock to defendant in exchange for defendant's interest in the stock of goods belonging to him and Jones; that he was induced to so sell his goods by the assurance of plaintiff's cashier that should he acquire Jones' stock plaintiff bank would lend him one thousand dollars, and that defendant should have the option to liquidate the note to be given for such loan by surrendering to the bank the capital stock so originally issued to Jones, and that he sold his goods upon that assurance; that the notes for one thousand dollars and for twelve hundred and sixty-five dollars were renewal notes respectively for the original one thousand dollar note executed by himself for the ten shares of stock first purchased by him, and for the same amount borrowed by him on account of the capital stock purchased by him from J. E. Jones, except the two hundred and sixty-five dollars principal of the twelve hundred and sixty-five dollar note which was for money borrowed by him from plaintiff bank in excess of the amount contemplated by the parties at the time of said agreement and which excess he was ready and willing to pay. Defendant further pleaded that the agreements made originally with himself and Jones by the promoters of plaintiff bank were duly ratified by the proper officers of the bank after its organization; that the note for two hundred dollars was given for an assessment due on the stock, but with the same understanding between himself and plaintiff's cashier, that it, too, should be liquidated by the return of the stock to plaintiff, if the defendant so desired.

Defendant introduced evidence in support of his plea of failure of consideration, but the court peremptorily instructed a verdict in plaintiff's favor for the amount shown to be due on all three of the notes. There was no error in this instruction. The notes were absolute promises to pay in money and it was not permissible to vary their terms by the contemporaneous parol agreements pleaded by defendant, which were in effect that he should have the option to satisfy the notes by surrendering to plaintiff the bank stock. Dolson v. DeGanahl, 70 Texas, 620; Riley v. Treanor, 25 S. W., 1054; Todd v. Roberts, 1 Texas Civ. App., 8 (20 S. W., 722); Franklin v. Smith, 1 Posey U. C., 240. For the same reason the plea of failure of consideration was not a valid defense against plaintiff's demand for the assessment of three hundred dollars on the capital stock in the bank.

At the instance of plaintiff a writ of attachment was issued and levied upon two lots of land owned by defendant Nixon, situated in the town of Hamlin. The levy was made on the 21st day of March, 1908, but the writ of attachment was quashed and the lots released therefrom on the 7th day of July, 1908. By plea in reconvention the defendant Nixon alleged that the levy of this writ was wrongful and he sought to recover of plaintiff damages for the wrongful issuance and levy thereof, the basis of his claim for damages being that prior to the levy of the writ he had negotiated an advantageous sale of the lots; that by reason of the levy he lost the opportunity to consummate the sale, and that since the release of the levy the lots had depreciated in value. Upon the trial he requested a special instruction to the jury to return a verdict in his favor on

his plea in reconvention for the difference between the price for which he had contracted to sell the lots and their market value at the time of the trial. This requested instruction was refused, and there was no error in that ruling. The suit was tried February 1, 1909. If, in any event, the defendant could recover such damages as he claimed, the measure thereof would be the difference between the price for which he would have sold the lots but for such levy, and their market value immediately after the levy was released.

Under the assignment of error last discussed appellant has submitted a proposition that as there was evidence to sustain his plea in reconvention for damages the court could not peremptorily charge the jury, as was done, to find against the plea. If this proposition be correct, it does not support the assignment complaining of the refusal of an erroneous requested instruction, and appellant has presented no assignment of error complaining of the peremptory instruction to reject the plea in reconvention.

Appellant insists that the trial court erred in decreeing a foreclosure of lien in plaintiff's favor upon the twenty shares of capital stock above mentioned. The defendant testified that he did not hypothecate the stock as security for his debt to the bank. The issue whether or not plaintiff was entitled to the foreclosure was not submitted to the jury and the jury did not find that plaintiff was entitled to that relief. The assignment is therefore sustained.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*