SECOND BAPTIST CHURCH v. C. H. MYERS & CO. (No. 5811.)

(Court of Civil Appeals of Texas. San Antonio. March 21, 1917.)

SALES ☞214—FURNITURE TO BE MANUFACTURED—PASSING TITLE—LOSS BY FIRE.

Where a contract for the manufacture and sale of church furniture required the manufacturer to install the furniture in the church, and provided that title should remain in the manufacturer until the price was fully paid, title to the furniture before it was installed in the church building, under the manufacturer's supervision, or the price paid, was in the manufacturer, which had to bear the loss for its destruction by fire without the church's fault.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 571–573.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by C. H. Myers & Co. against the Second Baptist Church. From a judgment for plaintiffs, defendant appeals. Judgment reversed, and rendered for defendant.

Davis & Long, of San Antonio, for appellant.

SWEARINGEN, J. Appellees sued appellant on two promissory notes, dated July 12, 1910, for $400 each, interest, and attorney's fees. Appellant, in defense, averred failure of consideration, because the notes were given in pursuance of a written contract obligating appellees to manufacture certain church furniture according to design and diagram, made part of the contract, and to deliver same installed under the supervision of appellees in appellant's church building; title to remain in appellees until agreed price was fully paid. The furniture was never installed in the church, and purchase price not fully paid. Judgment was rendered by the court against appellant for $1,300.

The evidence is that appellant executed the notes sued upon in part performance of the written contract alleged by appellant, which required appellant to execute the notes upon arrival of the furniture. The evidence further shows that before the furniture was installed in the church building under appellees' supervision, as required by the written contract, it was destroyed without fault on the part of appellant. The issue between the parties is: In whom was title to the property at the time of the fire?

The uncontroverted answer of appellant and the undisputed evidence force the conclusion that the title to the furniture never passed out of the manufacturer and never vested in appellant. When title to the church furniture to be manufactured would pass from the manufacturer to the buyer depends upon the terms of the written contract. The contract requires appellees to install the furniture in the church, and further expressly provides that title to the furniture shall remain in the manufacturer until fully paid. It also provides that no agent could change the terms of the written contract.

No furniture was ever installed in the church by appellees. Some furniture was destroyed by fire in San Antonio in August, 1910, which a letter to appellant from appellees describes as "your furniture." The purchase price had not been paid at the time of the fire. Under this state of facts, we conclude that title to the furniture was in appellees when destroyed. The loss followed the title; appellees never performed their contract to install described furniture in the church; the consideration for the notes wholly failed. Machine Co. v. Brown, 82 Tex. 469, 17 S. W. 715; Shaenfield v. Hall, 157 S. W. 462; Gammage v. Alexander, 14 Tex. 420; Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165; Tufts v. Stuart, 23 S. W. 834; Cobb v. Tufts, 2 Willson, Civ. Cas. Ct. App. §§ 152, 153, 154; Dunn v. Elser, 2 Willson, Civ. Cas. Ct. App. § 720; Mosler Safe & Lock Co. v. Campbell, 2 Willson, Civ. Cas. Ct. App. § 17; Griffith & Wedge v. Morrison, 58 Tex. 46; Sinker v. Comparet, 62 Tex. 470; Ellis v. Bonner, 80 Tex. 198, 15 S. W. 1045, 26 Am. St. Rep. 731; 1 Mechem on Sales, §§ 558–650; Story on Sales, §§ 296, 313.

The judgment is reversed, and here rendered for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes