**SERENO et al. v. TRIGGO. (No. 863–4955.)**

Commission of Appeals of Texas, Section B. Jan. 18, 1928.

**1. Pleading ⟨key⟩8(7)—General demurrer was properly sustained to answer, where allegation therein that debt represented by note was community debt was pleader's conclusion.**

Where, in suit against divorced wife on note, attachment was levied on automobile and divorced husband sued sheriff and plaintiff in attachment for conversion, general demurrer to special answer of plaintiff in attachment was properly sustained where allegations that debt represented by note on which she sued and attachment was levied was a community debt and automobile was community property were pleader's conclusions, where no facts were alleged on which to base them.

**2. Husband and wife ⟨key⟩272(1)—Right to subject divorced husband's automobile to attachment for community debt could only be asserted in suit in which he was a party (Rev. St. 1925, arts. 275, 300).**

Where divorced wife executed note to plaintiff who sued thereon and attached automobile which belonged to divorced husband, any right that plaintiff had to subject the automobile to attachment, under Rev. St. 1925, arts. 275, 300, for a community debt could only have been asserted in a suit in which husband was a party.

**3. Attachment ⟨key⟩357—Husband could recover from officer and plaintiff in attachment value of automobile wrongfully attached in suit against divorced wife.**

Where, in suit against divorced wife on note executed by her, automobile of husband was wrongfully attached in husband's suit against sheriff and plaintiff in attachment for conversion, he was entitled on proof of sale ownership to recover from them value of the automobile.

**4. Attachment ⟨key⟩374—In divorced husband's action for wrongful attachment, defendant must establish that divorced wife had interest in automobile attached.**

Where divorced wife executed note to creditor who sued thereon and attached automobile belonging to husband in husband's action against sheriff and attachment plaintiff for conversion, trial court properly placed burden on defendants to establish affirmative of issue that divorced wife had some interest in the automobile.

**5. Attachment ⟨key⟩374—In suit for wrongful attachment of automobile, plaintiff had burden to establish ownership.**

Where, in suit against divorced wife on note, automobile of husband was attached in divorced husband's action against sheriff and attachment plaintiff for conversion, burden of proof was properly placed on plaintiff to establish ownership of automobile in himself.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by S. L. Triggo against James Stevens and others. Judgment for plaintiff was,

on appeal of defendant Mary Sereno, affirmed by the Court of Civil Appeals (296 S. W. 979), and defendants bring error. Judgments of district court and Court of Civil Appeals affirmed.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for plaintiffs in error.

Saunders & Whipple, of San Antonio, for defendant in error.

SHORT, P. J. The opinion of the Court of Civil Appeals in this case is reported in 296 S. W. 979, where a full statement of the case may be found. Mary Sereno sued Viola Triggo, both being femes sole, upon a promissory note executed by the latter in favor of the former, and sued out a writ of attachment which was levied upon an automobile. S. L. Triggo sued the sheriff of Bexar county and Mary Sereno for damages, alleging the ownership in him, and conversion by Mary Sereno, of the automobile. A judgment having been rendered in favor of S. L. Triggo against the sheriff and Mary Sereno in the trial court, upon appeal to the Court of Civil Appeals that judgment was affirmed, and the plaintiffs in error have been granted a writ of error to the Supreme Court.

There is no complaint as to the sufficiency of the petition of the defendant in error. The plaintiffs in error in their amended original answer, after generally denying the allegations in the petition, alleged that the defendant in error was liable for the debt of Viola Triggo, his former wife, stating that the note sued on by her and executed by Viola Triggo was a renewal note of a community debt, and that the automobile attached was the community property of defendant in error and Viola Triggo. An exception to this particular part of the answer was sustained; but the case seems to have been tried as though it had not been, without any amendment of the pleading. The record shows that the defendant in error introduced ample proof to sustain the material allegations in his petition, and the jury answering the two special issues submitted to it found that the defendant in error, at the time the levy of the attachment was made, was the sole owner of the automobile, and that Viola Triggo, his former wife, did not own any interest in it at that time.

[1] We think that the trial court rendered the proper judgment and that the opinion of the Court of Civil Appeals in affirming that judgment reached the right conclusion. The general demurrer was properly sustained to the special answer of the plaintiffs in error. The allegation that the debt represented by the promissory note upon which suit was instituted wherein the writ of attachment was levied was a community debt was a mere conclusion of the pleader. No facts were alleged upon which to base this conclusion. Likewise,

the allegation that the automobile was community property is unsupported by any allegations explaining that statement. Notwithstanding this answer was stricken, both parties were allowed to testify at length with reference to the history of the automobile, and as heretofore stated, every issue submitted, and none were requested except those which were submitted, was resolved in favor of the defendant in error. Since the general demurrer was properly sustained to the special answer of the plaintiff in error, we are justified in concluding that the material allegations of the plaintiff's petition were amply sustained and that the judgment was the only judgment which could have been properly rendered. Even though we should consider the testimony introduced in support of the special answer of the plaintiffs in error, we are convinced that the jury was justified in rendering the verdict it did, and that the judgment based upon the facts found was the only one which could have been legally rendered by the court, in view of the fact that the plaintiffs in error's only right to the automobile under the pleadings was based upon the lien attempted to be created by the levy of the writ of attachment.

[2, 3] The defendant in error was not a party to the original suit, and there were no allegations of conspiracy between the defendant in error and his former wife to defraud the plaintiff in error Mary Sereno, and whatever rights Mary Sereno might have had to subject the automobile to a community debt could only have been asserted in a suit wherein the defendant in error was a party, he being the husband and the head of the family, and as such primarily liable for the community debt. However, Mary Sereno must have made an affidavit that Viola Triggo in her capacity as a feme sole was justly indebted to her in the amount of her demand in order to have secured the issuance of the writ of attachment. Article 275, R. S. 1925. The only right to appropriate the automobile to the payment of her debt rested upon the supposed lien created by the execution of the writ of attachment upon the automobile. Article 300, R. S. 1925. If the property attached did not belong to Viola Triggo, it was not the subject of attachment at the suit of Mary Sereno against Viola Triggo. The jury having found that the property belonged to the defendant in error, no lien attached thereto; and the property having been converted by Mary Sereno, the owner thereof was entitled to recover from the attaching officer and her its value.

[4, 5] In submitting the case to the jury, the trial judge placed the burden upon the plaintiffs in error to establish the affirmative of the issue that Viola Triggo had some interest in the automobile. To this action of the trial court the plaintiffs in error excepted.

We do not think that there was any error in thus placing the burden upon the plaintiffs in error. The suit was not the result of the making and filing of the claimant's affidavit and bond under the statute, where it is provided, among other things, that when the property claimed was taken from the defendant in the writ, the burden of proving ownership rests upon the claimant. Here, the right of the plaintiffs in error to subject the automobile to the payment of the debt depended upon showing that Viola Triggo either owned the property or had some interest in it. It is a fundamental principle that he who asserts the affirmative of a proposition has the burden of proving it. However, even though it should be conceded that the court committed error in thus placing the burden of proof upon the plaintiffs in error, it is evident that the answer of the jury to this issue was not necessary to sustain the judgment rendered. The burden of proof was properly placed upon the defendant in error to establish ownership of the automobile in himself. The jury found under proper instructions that he had discharged this burden, and logically it follows that if the defendant in error was the sole owner of the automobile, Viola Triggo had no interest in it, and if she had no interest in it, no lien attached to it by virtue of the levy of the writ of attachment upon it as her property.

We therefore recommend that the judgment of the Court of Civil Appeals affirming that of the district court be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed.