**WILLIAMS et ux. v. FARMERS & MERCHANTS NAT. BANK OF NOCONA et al.**

No. 13653.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1938.

Rehearing Denied May 6, 1938.

W. H. Slay and ·Robert Harrison, both of Fort Worth, for appellants.

Benson & Benson, of Bowie, and Cantey, Hanger & McMahon, of Fort Worth for appellees.

BROWN, Justice.

Appellants, W. P. Williams and his wife, brought suit in the district court of Tarrant county, against the Farmers & Merchants National Bank of Nocona, Tex., and C. A. McCall and A. D. Lunn, to recover damages against all such defendants, on the theory that said bank caused to be issued a writ of attachment in a suit then pending in Montague county, and had same levied upon certain real estate in Tarrant county, which was the separate property of Mrs. Williams. The suit out of which the attachment writ grew was one against J. W. Lehman and his wife, Florence Lehman.

After the suit was filed, Mr. and Mrs. Lehman were divorced, and Mrs. Lehman is now Mrs. W. P. Williams, one of the appellants. The levy was made under the writ on August 31, 1929. Appellants alleged, and introduced testimony supporting such allegation, that they entered into a common-law marriage on or about August 26, 1929, which was prior to the levying of the writ aforesaid.

The defendants pleaded the statutes of limitation of both two and four years, and urged certain demurrers and exceptions to the plaintiffs' original petition.

The case being tried to a jury, after all of the evidence had been adduced, the trial court, at the instance of the defendants, gave the jury a peremptory instruction to find for the defendants, all of which was done, and judgment rendered for the defendants. From this judgment the appeal is taken to this court, and the error complained of is that of directing the verdict in favor of the defendants.

We have concluded to discuss the counter propositions presented by the appellees, as these were evidently the matters brought to the attention of the trial court when appellees made a request for the peremptory instruction in their favor. The first counter proposition is to the effect that, if it be assumed that appellants' cause of action arose after the marriage of Mrs. Lehman to Mr. Williams, such action would be for the recovery of community property, and, having accrued more than four years prior to the institution of the suit, was barred by the operation of both the two and four year statutes of limitation. Vernon's Ann.Civ.St. arts. 5526, 5529. To this proposition we cannot agree. We are of opinion that the damages sought to be recovered constitute the separate property of Mrs. Williams, as they are damages done to her separate real estate. Law of Marital Rights in Texas by Speer, par. 419, and authorities cited under note 8.

The second counter proposition contends that, under the uncontroverted testimony, no sale had been consummated at the time the attachment writ was levied, and no notice had been brought home to the defendants of any negotiations on the part of Mrs. Williams for the sale of her property, prior to the levy. The evidence introduced by the seller, Mrs. Williams, and the proposed purchaser, covered an oral transaction. We do not believe that the sales agreement needs to be in writing, in order that a recovery might be had, because of the loss of the sale occasioned by the levy of the attachment writ. Hoover v. First State Bank, Tex. Civ.App., 192 S.W. 1149, 1153. That the seller has the right to recover for loss of advantageous sale, as a result of the levy of the attachment writ, see Tsesmelis v. Sinton State Bank, Tex.Com.App., 53 S. W.2d 461, 85 A.L.R. 319; Nixon v. First State Bank, 60 Tex.Civ.App. 7, 127 S.W. 882; Drew v. Ellis, 6 Tex.Civ.App. 507, 26 S.W. 95; Wetsel v. Tillman, 3 Tex. Civ.App. 559, 22 S.W. 980.

The third counter proposition contends that, under the uncontroverted testimony, the purported sale was not defeated, as the proximate result of the attachment levy, but same was voluntarily abandoned by the seller. We hold that the evidence introduced, at best, could raise only a controverted issue of fact, and this issue should have been determined by the jury.

The fourth counter proposition asserts that no damages were suffered by

the plaintiffs below, because no attachment lien was created against any property belonging to Mrs. Williams, in that the levy was had against whatever interest in the property that was owned by J. W. Lehman, and therefore the attachment levy could not, as a matter of law, be the proximate cause of defeating the sale. This is not sound, because it is the settled law in Texas that a third party has a cause of action for the wrongful levy of a writ of attachment upon his property when same is attached under the theory that the property is owned by another. 6 Corpus Juris p. 373, par. 831, p. 415, par. 964; Scott v. Childers, 24 Tex. Civ.App. 349, 60 S.W. 775, writ denied; Adams v. Powell, Tex.Civ.App., 44 S.W. 547; 5 Tex.Jur. p. 265, par. 105; Ellis v. Bonner, 80 Tex. 198, 15 S.W. 1045, 26 Am.St.Rep. 731; Sereno v. Triggo, Tex. Com.App., 1 S.W.2d 607; Epps & Mattox v. Hazlewood, 40 Tex.Civ.App. 325, 89 S.W. 809.

It is stated in 5 Texas Jur. p. 284, par. 126, that, "One whose property has been wrongfully attached is not required to resort to the statutory remedy of trial of right of property, nor to intervene in the attachment suit in order to establish his right to the possession of the property * * *; he may, without resorting to any of these remedies, maintain an independent action for wrongful attachment." Lang et al. v. Dougherty et al., 74 Tex. 226, 12 S.W. 29.

The undisputed evidence shows that Mr. and Mrs. Williams entered into a common-law marriage prior to the levy of the writ of attachment, and, because of her coverture, her cause of action has not been defeated by the statute of limitations. At best, the question of whether or not Mr. and Mrs. Williams had engaged in a common-law marriage before the attachment writ was levied was a question of fact which the jury should have passed upon, if same were contested by the appellees. Under the provisions of article 5535, R.C. S., Vernon's Ann.Civ.St. art. 5535, and the cases cited under note 3, if the common-law marriage be established, the cause of action pleaded was not barred before the suit was filed. The mere fact that Mr. and Mrs. Williams, subsequent to entering into a common-law marriage, decided to ratify same by obtaining a marriage license and being publicly married by a proper authority would not, in our opin-

ion, serve to defeat Mrs. Williams' right, asserted on the theory of her coverture, by reason of a common-law marriage. The assignment of error is well taken, and the judgment of the trial court is reversed and the cause remanded.

SPEER, J., not sitting.