No. 2124.

CHARLES HEIDENHEIMER & CO. ET AL. *v.* C. M. SIDES.

1. ATTACHMENT—WRONGFUL SEIZURE—LIABILITY—OFFICER.—The owner of goods seized under a writ of attachment against another can not recover from the officer levying the writ more than actual damages, if the writ was, upon its face, valid, if there was evidence that goods of the defendant in attachment were stored with goods of the plaintiff, and if the officer acted without malice, but in good faith, believing that the goods seized belonged to the defendant in attachment.

2. SAME—PLAINTIFF IN ATTACHMENT.—A plaintiff in attachment, not having authorized his agent to seize goods of another than the defendant in attachment, and being ignorant of any wrongful seizure by his agent, is not liable for exemplary damages to the owner of goods wrongfully seized.

APPEAL from Van Zandt. Tried below before the Hon. Felix. J. McCord.

This was an action to recover damages for the unlawful seizure:

of property under attachment.   The trial resulted in a verdict and judgment for the plaintiff, C. M. Sides.

The facts are stated in the opinion of the court.

*McLemore & Campbell*, for the appellants, cited Wallace v. Freiberg, 46 Texas, 37.

*Burge & Russell*, for appellee, cited Rules of Supreme Court, 23, 25, 26, 28; Norvell v. Phillips, 46 Texas, 176; O'Connor v. Towns, 1 Texas, 107; Swenson v. Walker, 3 Texas, 110; Revised Statutes, Articles 167, 2287; Drake on Attachments, sections 193, 194, 194a, 197; Watterman on Trespass, volume I, sections 493, 432, 435; Sedgwick on Measure of Damages, volume II, pages 528, 539; Cooley on Torts, pages 127, 129; Story on Agency, sections 239 and note, 455; Moak's Underhill on Torts, page 566; Wait's Actions and Defenses, volume I, page 234; Id., volume VI, pages 48, 49.

STAYTON, ASSOCIATE JUSTICE.   This action was brought by C. M. Sides against the persons composing the firm of Charles Heidenheimer & Co., and against J. A. Gray, to recover damages, actual and exemplary, against them for a seizure of the plaintiff's goods, alleged to have been wrongfully and maliciously made under an attachment sued out by Heidenheimer & Co. against W. W. Sides.

Gray was the officer who made the seizure.

A judgment was rendered against all the defendants for one thousand four hundred and sixty-three dollars and fifty-four cents, actual damages, and for five hundred dollars exemplary damages.

There are many assignments of error found in the transcript, and there are several questions presented by the brief of counsel, but none of them, except one, are raised by the assignments of error; hence, under the rules of this court, only the one question can now be considered.

That assignment questions the sufficiency of the evidence to authorize the recovery, against the defendants, of exemplary damages.

The officer had in his possession a writ of attachment in favor of Marsalis & Co. against the plaintiff, and had also the writ of attachment in favor of Heidenheimer & Co. against W. W. Sides, and there was evidence tending to show that there were goods in

the store house of the plaintiff subject to seizure under the attachment against W. W. Sides.

The writs which the officer had were on their faces valid, and there is ample evidence to show that Heidenheimer & Co. had probable cause to sue out the attachment against W. W. Sides.

There is nothing in the record to show that the officer acted maliciously in seizing the property of the plaintiff under the two writs of attachment which he held.    The writ against W. W. Sides did not authorize him to seize any of the property of C. M. Sides; but if he did so in good faith, believing that the property was the property of W. W. Sides, then he would only be liable to the plaintiff for such actual damages as he sustained by the wrongful seizure.

As to the officer, there are no facts which would justify the imposition of exemplary damages.

It is claimed that the attachment in favor of Marsalis & Co. against the plaintiff was sued out by an attorney who was representing Heidenheimer & Co., and that this was done without probable cause, maliciously and with intent to injure the plaintiff.

It is further alleged, in substance, that the attorney representing Heidenheimer & Co. maliciously broke open the store house of the plaintiff and caused their writ to be levied upon his goods; and that this act of the attorney was ratified by his principals.

The evidence tends to show that the attorney representing Heidenheimer & Co. made the affidavit on which the writ of attachment was issued in favor of Marsalis & Co., and that there was no probable cause for suing out that writ; but there is not a particle of evidence to show that any member of the firm of Heidenheimer & Co. authorized or ever knew that their attorney had done this until it was developed on the trial of this cause; nor is there evidence that any member of that firm authorized the seizure of any of the goods of the plaintiff under their writ of attachment, which only authorized the seizure of the property of W. W. Sides; nor is there any evidence of the fact that they knew that any of the goods of the plaintiff had been so seized at the time they received the proceeds of their sale.

The evidence bearing upon that question is that of the attorney of Heidenheimer & Co. and of one member of that firm.

The attorney stated: "I wrote the defendants Heidenheimer & Co. what I had done with their attachment against W. W.

Sides. When the goods levied on for Heidenheimer & Co. were sold I deducted my fee and sent the remainder to them. They received it, and, so far as I know, approved of what I did. They never dissented to what was done." He further stated that he found in the store house of plaintiff goods worth about four hundred dollars, which he took to be the property of W. W. Sides, and that these were seized under the attachment in favor of Heidenheimer & Co., and that the other goods seized were taken under the attachment in favor of Marsalis & Co.

One of the members of the firm of Heidenheimer & Co. stated: "I remember the occasion of the attachment of W. W. Sides, and heard from our attorney that his goods were found in the store of C. M. Sides, and that the said goods were seized under our writ of attachment against W. W. Sides about November 15, 1882."

No member of the firm of Heidenheimer & Co., is shown to have been present at the time the seizure was made; they lived in Galveston county, and the goods were seized in Van Zandt county.

There is no pretense that they authorized their attorney to have seized any of the property of the plaintiff, and the evidence does not show that they had knowledge that such a seizure had been made.

There can be no ratification of an act without a knowledge of it.

Where a plaintiff, in an attachment proceeding, does nothing more than to receive only such benefits as he would be entitled to receive under the lawful execution of his writ, he can not, from this fact alone, be held to be even a participant in an officer's trespass, much less be held to have ratified the malicious act of his agent.

The evidence we deem wholly insufficient to sustain the judgment for exemplary damages, and a new trial should have been granted on this ground, if for no other.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 23, 1886.