No. 2131.

## M. A. TYNBURG & Co. v. I. & H. COHEN.

1. **PRACTICE—PLEA IN ABATEMENT.**—It rests in judicial discretion to permit a plea in abatement which is to be determined after hearing evidence in support thereof, to be tried as a separate issue and before a trial upon the merits.

2. **JUDGMENT—PARTNERS.**—Judgment rendered in a suit brought by the recognized partners in a firm as such, is generally as binding upon a dormant partner as though he had been made a party.

3. **ACTUAL DAMAGES.**—See the opinion for a statement of facts which did not authorize the verdict rendered for actual damages.

4. **MALICE—CHARGE OF COURT ON EXEMPLARY DAMAGES.**—When in an action to recover exemplary damages for wrongfully suing out a writ of attachment it appeared that the affidavit for the writ was made by an agent of a non-resident plaintiff, who was made a party defendant with his principals, it was error to charge the jury that if the defendants or either of them had no probable cause for suing out the writ, and were actuated by malice or evil motive in the issuance and levy of the writ, the plaintiff would be entitled to a verdict against all the defendants for exemplary damages.

5. **SAME.**—The error in such a charge is not corrected by charging also that the principals would not be liable for exemplary damages if the agent was influenced by malice and they were not, unless the jury believed that the principal accepted the act of the agent, ratified and approved the same and received the benefit thereof. This was defective in not stating that, to render the principals liable as having ratified the agent's act, it was necessary that they should have had knowledge of such facts as showed the wrongful conduct of their agent at the time they accepted and approved his act.

6. **SAME—IMPLIED MALICE.**—The doctrine of implied malice, as applicable to civil suits, is of doubtful utility, and should only be indulged in cases clearly calling for its application.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Sayles & Bassett*, for appellants, on their assignments of error, based on the charges given, cited Willis v. McNeill, 57 Texas, 465, 476, 477; Wallace v. Finberg, 46 Texas, 50; Runge v. Wicks, 62 Texas, 234.

*Hume & Shepard*, for appellees, on their proposition that Eliza Cohen was a dormant, or silent partner, and an unnecessary

party plaintiff, cited Parsons on Partnership, 348, note 7; Wood v. O'Kelley, 62 Massachusetts (8 Cushing), 406; Chandler v. Howland, 73 Massachusetts (7 Gray), 350, 351.    That the verdict was supported by the evidence, they cited Robson v. Watts, 11 Texas, 776; Hall v. Morrison, 20 Id., 179; Davenport v. Lackie, 8 Id., 351; Pierce v. The State, 12 Id., 212, 218; Johnson v. Nash, 15 Id., 419; Stramler v. Coe, Id., 213; Nalle v. Gates, 20 Id., 319; Bohanan v. Hans, 26 Id., 450, 451; Burleson v. Hancock, 28 Id., 83, 84; Walcott v. Hendrick, 6 Texas, 419, 420; Reed v. Samuels, 22 Id., 116; Mayfield v. Cotton, 21 Id., 1; Charge 3 of lower court, page 4, and opinion affirming its correctness, page 7; Darcy v. Turner, 46 Id., 31, 34, 35; Bear Brothers v. Marx, 63 Id., 302; Culbertson v. Cabeen, 29 Id., 255; Sayles' Practice, section 357; Telegraph Company v. Brown, 58 Texas, 174; Goldsmith v. Picaro, 27 Alabama, 149.

STAYTON, ASSOCIATE JUSTICE.    The appellants, Tynburg & Co., brought an action against the firm of Wm. Cohen & Co., in the county court of Washington county, to secure about eight hundred dollars which the latter owed to them, and subsequently they sued out an attachment, which was levied on about nine hundred dollars worth of goods. The petition alleged that Isaac and Herman Cohen composed the defendant firm, and the attachment bond was made to them as defendants under the name of Wm. Cohen & Co.    Judgment in that case was rendered in favor of the plaintiffs for the amount claimed, with a further judgment against the sureties on a replevin bond which the defendants had executed in replevying the attached property.

That judgment was rendered by consent after the institution of this action.

This action was brought by Isaac and Herman Cohen against the appellants and the sureties on their attachment bond, filed in the county court to recover damages actual and exemplary, for an alleged wrongful suing out of the attachment, and it resulted in a judgment in favor of the plaintiff for one thousand dollars as actual and eight thousand dollars as exemplary damages against the appellants, Tynburg and Reis, and one of the sureties on the attachment bond, but there was a verdict and judgment in favor of the other surety.    The affidavit for the attachment charged that the defendants were about to dispose of their property to defraud their creditors, and it was made by the surety on the attachment bond against whom a judgment was rendered.

That surety resided in Washington county, and Tynburg and Reis, who composed the firm of Tynburg & Co., resided in the State of New York. Some of the defendants filed a plea in abatement, alleging that Eliza Cohen, as well as Isaac and Herman Cohen, was a member of the firm of Wm. Cohen & Co. at the time the attachment was levied and so continued to be until the plea was filed.

The plea in abatement was submitted to the jury with the other issues in the case, and upon it there was a finding against the averments of the plea.

It is urged that the court erred in not submitting the plea in abatement, with the proof bearing upon it, to a jury before submitting the case upon its merits, and that the court further erred in overruling a motion for new trial based on the sufficiency of the evidence to have required a finding that Eliza Cohen was a member of the firm of Wm. Cohen & Co.

The first matter rested in the discretion of the court, and no injury is shown to have resulted from the manner in which the submission was made. An inspection of the record causes us to believe that the evidence was such as to have required a finding that Eliza Cohen was a member of the firm of Wm. Cohen & Co., as alleged in the plea in abatement; but as the case is presented we are of the opinion that the finding was immaterial. It is clearly shown that Isaac and Herman Cohen were the known and certain members of the firm, and that Eliza Cohen was an unknown and non-acting member of the firm. She at most was but a dormant partner, and any judgment to be rendered in the case, would bind her as fully as were she a party to the record as plaintiff. In the attachment suit Isaac and Herman Cohen were treated throughout as the only persons comprising the firm. The general rule is that all known partners should join as plaintiffs and be joined as defendants, but it is very generally held that a dormant partner need not join as a plaintiff or be joined as a defendant. (Story on Partnership, 241; Parsons on Partnership, 317; Jackson v. Alexander, 8 Texas, 112; Speake v. Prewitt, 6 Texas, 257; Garrett v. Miller, 37 Texas, 589.)

There may be reasons why a different rule should apply in some actions brought by a partnership, but under the peculiar facts of this case we are of the opinion no injury could have resulted to the appellants by the non-joinder of Mrs. Eliza Cohen.

It is further urged that the court below erred in refusing to grant a new trial on the ground of the insufficiency of the evi-

dence to sustain the verdict for actual damages found by the jury, and upon the further ground that the evidence did not show such facts as would authorize a judgment against Tynburg & Co. for exemplary damages.

The goods attached were of the value of nine hundred dollars, were in a room above that in which the appellees conducted their sales and other ordinary business, which was not shown to have been in any manner interrupted during the time consumed by the sheriff in making the levy, inventory and appraisement, which was about three hours, after which they were at once replevied, never having been removed from the house.   The evidence introduced to show damage consisted in general statements that the plaintiff's credit was injured by reason of the attachment; that persons who had formerly dealt with them afterwards ceased to do so and dealt elsewhere; that some orders subsequently made were not filled; that a small bill of goods, received and partly disposed of before the levy, was returned to the seller on demand, and that another small invoice of goods, arriving on the day of the levy, and partly sold, was paid for by them.

The evidence offered we are of the opinion was not sufficient to show that the plaintiffs suffered actual damage equal to the verdict, and the jury deemed it insufficient to show that by one of the sureties on the attachment bond any injury whatever had been done.   If Tynburg & Co. and the other surety had inflicted injury which called for one thousand dollars actual damages, the same facts would have called for the same verdict against the surety who, by the verdict, was not found to be liable for any damages, actual or exemplary.

The finding illustrates the fact that the jury were not governed by the evidence in the case.

There was evidence tending to show that the surety on the attachment bond, who made the affidavit for attachment, may have been actuated by malice, but an inspection of the record fails to show that any member of the firm of Tynburg & Co. acted through any other motive than an honest desire to secure the money due to them, as does it fail to show that they had any knowledge of the malice or improper motive which may have influenced the person who made the affidavit for attachment.   The sole fact which could have any bearing in that direction is that they took a judgment in the suit by attachment after this suit was filed; but that judgment was taken by consent.

Whether the facts of which Tynburg & Co. had knowledge, before the attachment was sued out and levied, were such as would induce a prudent man to believe that just cause for suing out an attachment existed might be decided differently by persons seeking for truth, and it is not necessary for this court to pass upon that question.

The charge of the court given in the charge in chief and at request, consisted of many paragraphs, each of which, in many instances related to separate and distinct matters. Some of these paragraphs, even upon the question of exemplary damages, stated the rules of law correctly, while others were clearly erroneous.

In regard to exemplary damages the jury were instructed that "If the defendants M. A. Tynburg and Robert Reis and Ed. Newbouer, *or either of them*, had no probable cause, as defined above, and were actuated by malice or evil motive as defined above, in the issuance and levy of said attachment, you will find a verdict against them in favor of plaintiffs for such an amount by way of exemplary damages as you may see proper under all the facts and circumstances in evidence."

This charge authorized a verdict for exemplary damages against Tynburg and Reis, though they may have acted without malice or evil motive, and without knowledge of the existence of such a state of mind in their agent Newbouer, if the latter was actuated by such evil motives in suing out and causing the attachment to be levied. This proposition was incorrect, and it is impossible now to ascertain what influence that charge may have had upon the jury.

Separated from the charge above quoted the court gave the following charge: "As touching the question of imputed malice, if M. A. Tynburg and Robert Reis were not actuated by malice in suing out and levying the attachment, you can not find a verdict against them for exemplary damages unless you believe from the evidence that they accepted the acts of their agent Newbouer, ratified and approved the same, and received the benefit thereof. In such event they would be liable for all the acts of their agent done in the issuance and levy of the attachment to the same extent that he would be."

This charge, and others given, had a tendency to correct the erroneous impressions made or likely to be made by the former charge, but in itself was defective in that it did not inform the jury that to amount to a ratification of the act of the agent New-

bouer, if that was the result of evil motive, it was necessary that Tynburg and Reis had knowledge of such facts as showed the wrongful acts of their agent at the time they accepted and approved of his acts.

This charge, however, should not have been given, because there was not sufficient evidence to show that Tynburg or Reis had any knowledge of any improper motive leading their agent to sue out and cause the attachment to be levied, or that either of them had notice of such facts as would cause a prudent man to believe that such evil motive existed. The doctrine of imputed malice is one of doubtful utility, and it should not be indulged except in cases clearly calling for its application. We are of the opinion that a new trial should have been granted because the evidence was insufficient to sustain the verdict, and further, that there was error in the charges given which most likely had an improper influence, and for these reasons the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 11, 1887.