CITY OF FT. WORTH v. COTTON et al.
(No. 8727.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 3, 1917.)

1. TRIAL ⊜4—PLEAS IN ABATEMENT—TAKING EVIDENCE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1947, it is within the discretion of the court to hear evidence first and separately upon a defendant's plea in abatement, before hearing evidence upon the merits of the case.

2. APPEAL AND ERROR ⊜927(2) — PRESUMPTIONS IN SUPPORT OF JUDGMENT.

On appeal it will be presumed in support of a judgment of dismissal that on a plea in abatement the plaintiff did not move for a continuance to make necessary parties, where it did not appear of record.

3. APPEAL AND ERROR ⊜189(5) — RESERVATION OF GROUNDS OF REVIEW—DISMISSAL—DEFECTS IN PARTIES—MOTIONS.

A suit against a father and daughter, where the father died before he was cited, and the daughter moved for dismissal on the ground that she was married, was properly dismissed, where plaintiff made no motion for continuance to make her husband a party, although a motion was made to postpone the case for a week to be tried on its merits.

Error from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by the City of Ft. Worth, for the use and benefit of Roach & Manigan, against J. T. Cotton and Lucile Cotton. From a judgment dismissing the suit, plaintiff brings error. Affirmed.

Charles Kassell, of Ft. Worth, for plaintiff in error. H. C. Shropshire, of Weatherford, and I. W. Stephens, of Ft. Worth, for defendants in error.

BUCK, J. This suit was filed July 15, 1913, by the city of Ft. Worth, for the use and benefit of Roach & Manigan, to recover for paving done in front of a lot alleged to be owned by J. T. Cotton, and in which it was alleged Lucile Cotton had some interest. Defendants were alleged to reside in Tarrant county. Citation was issued on date of filing to Tarrant county, and return made by the sheriff as follows: "Not found in Tarrant county, 9—3, 1913." July 23, 1915, plaintiff filed a supplemental petition, containing the allegations that Lucile Cotton was a married woman, and that her name was Mrs. Lucile Short, and that she resided in Franklin, Williamson county, Tenn., and praying for the issuance of notice under the statutes as to nonresident defendants. On August 21, 1915, Mrs. Short filed what was termed a plea in abatement, and also an answer, subject to her plea in abatement. In this plea she recited the filing of the petition on date aforementioned, and the grounds for recovery therein contained, and alleged, further, that at the date of the filing of said petition, and at no other time, did either she or J. T. Cotton reside in Tarrant county; that J. T. Cotton resided in Parker county until the date of his death, October 7, 1914, and that she (Lucile Cotton) resided in Parker county till February 14, 1907, when she married Jesse E. Short, and moved immediately to Williamson county, Tenn., where she has resided with her husband ever since; that J. T. Cotton was never cited in the case up to the time of his death, nor was she ever cited up to July 23, 1915, on which date plaintiff filed his supplemental petition asking that nonresident notice be served on her in Williamson county, Tenn.; that no steps had been taken by the defendant during the more than two years from the filing of the petition to make her a party defendant, and no notice was served on her of the proceedings on the part of the city of Ft. Worth to fix a lien on the property described in plaintiff's petition; that at the time such proceedings were alleged to have occurred, and at the time of the filing of the suit, J. T. Cotton did not own the property against which a lien was sought to be fixed, but that she owned it, as evidenced by a deed of record in Tarrant county, and that said lot was her separate property; that inasmuch as the suit was against J. T. Cotton as owner of the property, and not against her, and inasmuch as no steps had been taken to fix a lien against the property as her separate property for over two years after the filing of the suit, and for over four years after the alleged paving had been done and the alleged lien was claimed to have been fixed, and inasmuch as no effort had been made by plaintiff to make her husband a party defendant, she prayed that the suit be dismissed, and that she go hence and recover her costs. The trial court sustained said plea and dismissed the suit, and plaintiff has perfected its appeal by writ of error.

Plaintiff in error urges error to the action of the trial court in dismissing the cause under the plea in abatement, and in refusing to reinstate said cause, for the following reasons, to wit: (1) That the plea set forth no grounds sufficient in law to support said plea; (2) that the grounds stated in said plea went to the merits of the case merely; (3) that the court should have continued the case to make Mrs. Short's husband a party; (4) that the court should have postponed the hearing to make J. T. Cotton's administrator or ex-

---

ecutor a party defendant; (5) that there was no proof offered to establish that Mrs. Short in fact did own the property against which a lien was sought to be fixed; (6) there was no proof offered to show that J. T. Cotton did not in fact own the property involved at the time the suit was instituted; (7) that at any rate, the cause should not have been dismissed as to J. T. Cotton or his legal representatives.

The court filed his findings of fact and conclusions of law, to the effect that by deed of date November 2, 1886, recorded in the Deed Records of Tarrant county, December 2, 1886, J. T. Cotton conveyed to his daughter, Lucile C. Cotton, now Mrs. Lucile Short, wife of Jesse E. Short, the property in controversy, for a recited consideration of $1,500, and that the same was at the time of the hearing still her property; that said property was rendered for taxes in 1904 by an agent of J. T. Cotton as the property of J. T. Cotton, and for 1912 by J. T. Cotton himself, and for the intervening years the property was on the unrendered rolls. The court's conclusions of law were as follows:

"I. I conclude that no sufficient diligence has been shown in the prosecution of this suit to warrant the plaintiff in bringing in Lucile C. Short at this late day as a party to this suit, and without joining her husband as a defendant, in view of the facts set forth in her plea in abatement.

"II. I adopt the conclusions set forth in the last paragraph of said plea in abatement beginning with the word 'wherefore.'

"III. I conclude that the findings as to rendition of property for taxes are immaterial."

In the lone bill of exceptions contained in the record, plaintiff in error admits the facts in the plea of abatement contained are true, and that the deed from J. T. Cotton to Lucile C. Cotton was of record as alleged, but plaintiff in error did not admit that the title to said property was at that time in said Lucile C. Cotton, now Mrs. Lucile Short, placing his reliance that the facts were otherwise upon the rendition for taxes heretofore set out. In this bill of exceptions, it is shown that counsel insisted that the court should not sustain the plea in abatement, but should suspend action thereon until the case was heard on its merits, urging that the case had been set down at plaintiff's instance for the following week. But neither in this bill nor elsewhere in the record does it appear that the plaintiff made a motion for continuance or postponement of the hearing in order that Mrs. Short's husband, or Mr. Cotton's legal representative, should be made parties. Under this state of the record, we find no reversible error disclosed.

[1] It was within the discretion of the court to hear evidence first and separately upon defendant Mrs. Lucile Short's plea in abatement, before hearing evidence upon the merits of the case. Tynburg & Co. v. Cohen, 67 Tex. 220, 2 S. W. 734; Id., 76 Tex. 409, 13 S. W. 315; Railway Co. v. Thompson, 140 S. W. 1148; Producers' Oil Co. v. Daniels, recently decided by this court, opinion not yet published, No. 8715; article 1947, V. S. Texas Civil Statutes.

[2, 3] In the absence of any record evidence of a request by plaintiff below to continue to make parties, we are unable to say that the trial court erred. In support of the judgment, we must presume that no such request was made at the time of, or prior to, the judgment of dismissal. The plaintiff in error having admitted in its bill of exceptions that the defendant J. T. Cotton was dead, and had never been served by citation before his death, and having admitted that the defendant Mrs. Lucile Short was a married woman, and having failed to invoke at the proper time, by plea, motion, or exception, the action of the court to continue the cause to make necessary parties defendant, to wit, the husband of Mrs. Short or the legal representatives of J. T. Cotton, deceased, we are of the opinion that the plaintiff in error cannot now complain that the court failed to so continue the cause for such purpose. The trial court having heard the evidence and admissions of counsel on the plea in abatement, and having determined that the necessary parties to a valid judgment were not in court, it would have been a useless and idle thing to do to postpone the case for a week, and then hear it on its merits, which is the only request it seems the plaintiff below made, and upon the refusal of which the claim of error is predicated.

All assignments are overruled, and the judgment is affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.