**NORRIS v. WILKENS et al.   (No. 10179.)**

Court of Civil Appeals of Texas. Dallas.
Nov. 26, 1927.

Rehearing Denied Jan. 7, 1928.

1. **Receivers ⬚6—Plaintiffs, suing on purchase-money note secured by vendor's lien and trust deed, after having property sequestrated, cannot have receiver appointed (Rev. St. 1925, art. 2293, § 2, and art. 6840, § 3).**

In action on purchase-money note secured by vendor's lien and trust deed, plaintiffs, after having property sequestrated, under Rev. St. 1925, art. 6840, § 3, are not entitled to appointment of receiver, under article 2293, § 2, since these alternative statutory remedies are inconsistent with each other and not cumulative, and, when plaintiffs chose one, the other was no longer available.

2. **Election of remedies ⬚14—Where advantage is gained or detriment occasioned by litigant's choice between different coexisting modes of procedure, he is estopped to pursue another coexisting mode.**

Where litigant chooses between two or more different and coexisting modes of procedure allowed by law on same state of facts, election of remedy results, and when, as result of such action, advantage is gained or detriment occasioned, litigant is estopped to pursue any other coexisting mode of procedure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

Appeal from District Court, Dallas County; Towne Young, Judge.

Action by John D. Wilkens and wife against Leslie H. Norris and another, in which a writ of sequestration was sued out. Subsequently a receiver was appointed over the opposition of the named defendant, and he appeals. Reversed and rendered.

Lyle Saxon, of Dallas, for appellant.

Renfro, Ledbetter & McCombs, of Dallas, for appellees.

LOONEY, J.   John D. Wilkens and wife filed a suit against Miss Mab Harrison, maker of a promissory note for $2,650, given for a part of the purchase money for a house and lot situated in Greenland Hills addition to the city of Dallas, conveyed by plaintiffs to her,

and to secure its payment a lien was specially retained on the property in the conveyance, and also was given by a trust deed executed by the maker. Leslie H. Norris, appellant herein, purchased the property from Miss Harrison, subject to the existing incumbrances, and, at the time the suit was instituted, he and his family were occupying the same. Plaintiffs made Norris a party defendant, and prayed for personal judgment against the maker of the note, and for foreclosure as against all defendants.

Based on an affidavit to the effect that plaintiffs feared the defendants would make use of their possession to injure the property and convert the fruits and revenues thereof to their use, a writ of sequestration was sued out, by virtue of which a constable of Dallas county seized and took into his possession the premises. The same was replevied by Norris, and accordingly he was permitted to retain possession.

Plaintiffs filed a motion to quash the replevy bond on the ground that it was not conditioned to pay rents to accrue on the property. This was overruled by the court. Thereupon plaintiffs filed an amended original petition, setting up the same cause of action as in their original petition, alleged that the condition of the vendor's and deed of trust liens had not been performed by the defendants, or either of them, that the property was probably insufficient in value to discharge the indebtedness, and prayed that, pending final determination of the suit, a receiver be appointed to take possession of the premises, to manage, control, preserve, rent, and collect rents and revenues therefrom, etc.

Over the opposition of appellant, Norris, after hearing evidence, the court appointed a receiver, with authority as outlined in the prayer of plaintiff; to all of which Norris excepted, gave notice of and has prosecuted this appeal.

[1, 2] As we view the case, it will only be necessary to notice one question; that is, the contention of appellant to the effect that, as appellees elected to pursue the remedy of sequestration, under which the property was seized and replevied by appellant, they elected their remedy and were estopped to pursue the coexisting mode of procedure of securing the appointment of a receiver. This position, in our opinion, is well taken.

The doctrine seems to be well established that, where a litigant chooses between two or more different and coexisting modes of procedure allowed by law on the same state of facts, an election of a remedy results (9 R. C. L. p. 956, § 1), and when, as the result of action taken, an advantage is gained or a detriment occasioned, the litigant is estopped to pursue any other coexisting mode of procedure (9 R. C. L. p. 960, § 7; Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493, 498; Johnson,

etc., Co. v. Missouri-Pacific Ry. Co., 126 Mo. 344, 28 S. W. 870, 872, 26 L. R. A. 840, 47 Am. St. Rep. 675; Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L. R. A. (N. S.) 309, and notes.

By suing out the writ of sequestration, plaintiffs secured protection against possible loss from an injury to or waste of the premises pending the determination of the suit, and conversely, appellant was occasioned a detriment, in that, in order to prevent being ejected, he was forced to replevy.

Plaintiffs could have pursued either of the coexisting provisional remedies of having the property sequestrated (article 6840, § 3, Revised Statutes 1925), or could have had the same placed in the hands of a receiver (article 2293, § 2, Revised Statutes 1925), but, as these alternative statutory remedies are inconsistent with each other and not cumulative, when plaintiffs made choice of the procedure by sequestration, the remedy of receivership was no longer available (9 R. C. L. p. 958, § 3).

We are of the opinion the court erred in appointing the receiver; hence the judgment appealed from is reversed and rendered for appellant, discharging the receiver.

Reversed and rendered.