## CARMICHAEL v. PAGE et al.
### No. 3894.

Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1930.

Rehearing Denied Nov. 27, 1930.

J. H. Synnott and McNees & Roberts, all of Dallas, for appellant.

John T. Gano and Wm. H. Flippen, both of Dallas, for appellees.

HODGES, J.

Some time prior to the filing of this suit, Heber Page, one of the appellees, was appointed trustee of the bankrupt estate of the Marsalis Lumber Company. In December, 1927, Page as such trustee filed a suit in the United States District Court for the Northern District of Texas, against J. L. McNees, to recover the sum of $2,250 which, it was alleged, belonged to the bankrupt estate. Before filing the suit, Page secured an order from the referee in bankruptcy authorizing him to bring such suits as he might think necessary and advisable for the protection of the bankrupt estate.

After filing his original petition, Page applied for and secured the issuance of an attachment against McNees. The writ was placed in the hands of S. L. Gross, United States Marshal, who is the other appellee in this case, authorizing Gross to attach property belonging to McNees. The writ was levied by Gross on property claimed by the ap-

pellant, Carmichael. This suit was later filed by the appellant, Carmichael, against Page and Gross for conversion of the property seized under the writ of attachment.

Before answering to the merits of the suit, the appellees, defendants below, filed what they termed "pleas in abatement." Gross, the United States marshal, pleaded (1) that he seized the property by virtue of a writ of attachment regularly issued by the clerk of the United States District Court; (2) that the proper remedy of the plaintiff, Carmichael, was to present an affidavit and bond as provided for by article 7402 of the Revised Civil Statutes for the purpose of trying the right of property. Page pleaded as a reason why the suit should be abated as to him, first, that he filed the suit and procured the issuance of a writ of attachment as a trustee in bankruptcy, and by authority of the referee in bankruptcy, and for that reason was not personally liable for the seizure of property belonging to the plaintiff. He also pleaded that the plaintiff's proper and only remedy was by filing an affidavit and bond for the trial of the right of property.

The court sustained the pleas in abatement and dismissed the plaintiff's suit. From that order the plaintiff, Carmichael, prosecutes this appeal.

The only evidence presented in the trial court upon those pleas were the records showing the institution of the suit by Page against McNees, the affidavit and bond upon which the attachment writ was issued, the attachment writ itself, and the order of the referee authorizing Page to institute such suits as he might deem necessary for the preservation and protection of the bankrupt estate. Those pleas may be treated as pleas in bar of the plaintiff's right to recover any damages. They, in effect, admit the taking of plaintiff's property without proper authority, and rely solely upon the regularity of the writ of attachment and authority to sue as justification. Brill v. Guaranty State Bank (Tex. Com. App.) 280 S. W. 537. Article 2006, of Revised Civil Statutes of 1925, provides: "The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time and in due order of pleading."

Rule 7, adopted for the government of trial courts, provides: "The original answer may consist of pleas to the jurisdiction, in abatement of privilege, or any other dilatory pleas; of exceptions, general and special, of general denial and any other facts in defense by way of avoidance or estoppel, the same being pleaded in the due order of pleading as required by statute."

Judge Town, in his work on Pleading, page 515, thus points out the distinction between dilatory pleas and pleas in bar: "Dilatory pleas embrace all those defenses which only delay or defeat the present suit or action, leaving the cause of action unsettled, so that it may be litigated at some later time. Pleas in bar present matters which not only settle the particular suit in which they are interposed, but go further and settle finally the cause or causes of action involved in the suit and cut off all litigation regarding them in any subsequent suit between the same parties."

In sustaining the pleas setting up immunity from liability because of the facts alleged by the marshal and the trustee is to finally defeat the plaintiff's suit upon the ground that he has no cause of action whatever against those defendants. Such a defense goes to the merits of plaintiff's case, and should be treated as a plea in bar under our system. But whether they be treated as dilatory pleas or as pleas in abatement or in bar, they are legally insufficient to either abate or defeat the plaintiff's cause of action. That an officer who levies a writ of attachment or execution upon the property of one who is not a party to the writ is liable for the resultant damages has long been the settled law of this state. Hudson v. Willis, 73 Tex. 256, 11 S. W. 273; Cahn Bros. & Co. v. Bonnett, 62 Tex. 674; Hooks & Hines v. Pafford, 34 Tex. Civ. App. 516, 78 S. W. 991; Harris v. Tenney, 85 Tex. 254, 20 S. W. 82, 34 Am. St. Rep. 796; Heidenheimer v. Sides, 67 Tex. 32, 2 S. W. 87; Ellis v. Bonner, 80 Tex. 198, 15 S. W. 1045, 26 Am. St. Rep. 731; Epps & Mattox v. Hazlewood, 40 Tex. Civ. App. 325, 89 S. W. 809.

The same rule of liability applicable to sheriffs also applies to United States marshals who levy attachment writs upon the property of third parties. Buck v. Colbath, 3 Wall. (70 U. S.) 334, 18 L. Ed. 257; Cabell v. Hamilton-Brown Shoe Co., 81 Tex. 104, 16 S. W. 811. Nor is a trustee in bankruptcy protected from liability for participating in the wrongful seizure of the property of a third party by his authority to institute suits for the recovery of assets belonging to the estate of the bankrupt. Gardner v. Planters' Nat. Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146; 7 Cor. Jur. 258, and cases referred to in notes; Black on Bankruptcy, pp. 904–906, 918, 938, 1047, 1050.

The contention that appellant's proper and only remedy for the wrongful seizure of his property under the writ of attachment is that given by article 7402, R. C. S., providing for the trial of the right of property, is untenable. That remedy is only one of several others which such an owner may pursue for the purpose of recovering the damages which he has sustained. The owner of property wrongfully seized under a writ of attachment has the option to sue for the recov-

ery of the property itself, or in damages for its value. Lang et al. v. Dougherty, 74 Tex. 226, 12 S. W. 29; Bassham v. Evans (Tex. Civ. App.) 216 S. W. 446; Taylor Bros. Jewelry Co. v. Kelley (Tex. Civ. App.) 189 S. W. 340.

We think the court erred in sustaining the pleas in abatement and dismissing the appellant's suit.

The judgment will therefore be reversed, and the cause remanded for a trial on its merits.