### FLEMING v. LON MORRIS COLLEGE et al.
### No. 3256.

Court of Civil Appeals of Texas. El Paso.
June 20, 1935.

Rehearing Denied July 11, 1935.

W. Clyde Hull, of Pittsburg, and King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

J. H. Beavers, of Longview, Wilkinson & Wilkinson, of Mt. Vernon, and J. D. Bass, J. A. Guest, and Chas. M. Winkle, all of Pittsburg, for appellees.

HIGGINS, Justice.

November 15, 1926, Lon Morris College, a corporation, domiciled at Jacksonville, Cherokee county, Tex., conveyed to T. L. Fleming certain land in Camp county expressly reserving a vendor's lien to secure the payment of ten purchase-money notes executed by Fleming for $450 each, bearing interest at the rate of 7 per cent. per annum from January 1, 1927. The first note was payable January 1, 1928, and one was payable January 1st of each subsequent year. Contemporaneously with the execution of the deed and notes the parties entered into a collateral written agreement respecting the conveyance of the land. This contract is awkwardly drawn, and its meaning obscure.

On September 15, 1927, the college, by its agent, W. A. Kennedy, notified Fleming as follows: "You entered into a written contract with Lon Morris College on the 15th day of Nov. 1927, by the terms of which you agreed and obligated yourself that in consideration of the immediate possession given to you of the land and premises afterwards deeded to you by said Lon Morris College, known as the McWaters place, and now occupied by you, that you would rebuild the barns and recover the houses on said premises, and in view of the fact that you have already failed and neglected to do any of said work and repairs, and the further fact that you have violated your contract and agreement not to remove from the premises any of the crops grown thereon, without adjusting the rents as a payment on your first note this is therefore to notify you that we consider that you have defaulted in your contract or purchase of said premises. We therefore hereby notify you that Lon Morris College will not look to you for payment of your notes or either of them for said land and premises, but will bring suit in the proper court at once to rescind the sale to you and cancel your deed to same. We are looking to you for payment of the usual rents of the 3rd and 4th of the crops raised by you on said premises in 1927."

The contract referred to in this notice is the collateral contract mentioned. On the same date the college filed suit against Fleming in the county court alleging:

"That on the 15th day of November, 1926, it entered into a written contract and agreement with defendant by the terms of which it bound itself to convey to defendant certain lands and premises in Camp County, Texas, known as the McWaters place about 2 miles N. E. of Pittsburg, for a consideration of $4500.00 evidenced by 10 vendor's lien notes duly executed by defendant Fleming for the sum of $450. each. The first of said notes becoming due Jan. 1st 1927, with interest at 7 per cent. That to secure payment of at least one note by the said defendant, it is provided in said writing made and entered into by defendant and said plaintiff, that said defendant T. L. Fleming will annually pay on his said contract of sale, as much as the rental of said premises would amount to on that year, estimated at 1/4 of the cotton and cotton seed, and 1/4 of all sweet potatoes, and 1/3 of all corn grown on the premises

sold to and now occupied with his family T. L. Fleming, defendant herein. That it is further provided in said written contract that in no event are the crops to be taken off of the said premises and disposed of without the rentals being adjusted with Hull & Kennedy plaintiffs agents at Pittsburg.

"Plaintiffs further allege that defendant in said written agreement bound himself to rebuild the barn and recover the houses on said premises, and furnish all labor and material necessary to make said repairs, and put said premises in tenantable condition. Plaintiff says that defendant has wholly repudiated his said agreement, and failed and· refused to rebuild said barns and recover any of the houses on said premises; that he has removed and sold 2 bales of cotton raised on the said premises and is now engaged in removing others in violation of his said contract not to take said crops from the premises and disposing of the same without adjusting the rentals."

"That by reason of the premises, defendant is now and has become indebted to plaintiff in the sum of Four Hundred and Seventy Five Dollars, the reasonable rental of said land and premises for 1927, at 1/4 of cotton and cotton seed and 1/4 of Sweet potatoes and 1/3 of all corn grown on said premises in 1927."

On the same date the college applied for attachment upon the ground that Fleming had disposed of part of his property with intent to defraud his creditors. The writ was issued and levied upon certain cotton and cotton seed which was later sold under order of the court and the proceeds paid to the college. The disposition made of this suit is not shown. In all of the matters above mentioned, except in the execution of the deed and collateral contract, the college acted through W. A. Kennedy, its agent in Camp· county.

January 13, 1928, this suit (No. 3340) was filed by the college against Fleming to recover upon the ten purchase-money notes and foreclose the vendor's lien.

December 26, 1928, the college filed another suit numbered 3411 in the district court against Fleming to recover the land, the action being based upon the vendor's lien which it held against the land. Sequestration was applied for, writ issued, the land· seized, and Fleming dispossessed.

October 18, 1934, Fleming, in the present suit (No. 3340) filed amended answer and cross-action against the college and Kennedy. By his answer Fleming sought to compel the college to abide by its election to rescind the contract and recover the land. Upon the cross-action, actual and exemplary damages were sought for the alleged wrongful and malicious attachment and sequestration proceedings.

Findings of the jury were to the following effect:

(1) That at the time of the issuance of the writ of attachment out of the county court of Camp county, Tex., and at the time of the levy thereof, that the defendant Fleming had not disposed of any part of the property with intent to defraud his creditors.

(2) That a reasonable cash market price for the cotton and cotton seed levied on under the said writ of attachment at the time of the levy of the same on the 15th day of September, 1927, was $601.

(3) That W. A. Kennedy, as agent of the plaintiff Lon Morris College, in suing out and causing the levy of the said writ of attachment to be levied on the property of the defendant, T. L. Fleming, acted maliciously.

(4) That it was without probable cause.

(5) That the sum of $1,000 was allowed the defendant, T. L. Fleming, as exemplary damages.

(6) That a reasonable time from the date of the deed and contract, within which the defendant had to rebuild the barns or recover the houses on the tract of land involved in this suit, was twelve months.

(7) That the reasonable rental value of the land during the years 1929 and 1934 inclusive, aggregated the sum of $1,000.

(8) That the levy of the writ of attachment on the cotton and cotton seed of the defendant in September, 1927, prohibited him from paying the first vendor's lien note in the sum of $450, as well as the interest on all ten of the notes, when the same became due on January 1, 1928.

(9) They did not find from a preponderance of the evidence that the grounds for the affidavit of the writ of sequestration made by W. A. Kennedy as agent for the plaintiff Lon Morris College in cause No. 2400 were not true.

(10) No sum was allowed for exemplary damages on account of the writ of sequestration.

Kennedy's general demurrer to the cross-action was sustained.

Judgment in favor of the college was rendered ·for $6,993.25, less credits as follows:

"The then value of three bales of cotton and cotton seed levied on under writ of attachment the ———— day of September, 1927..$ 381.00
Exemplary Damages ............1000.00
Rents from 1929 to 1934 inclusive ....................1000.00

Total........$2381.00"

The judgment recites: "The court finds that the value of said cotton and cotton seed found by the jury to be $601.00 was not supported by the evidence, and therefore sets such finding aside, in lieu whereof the court finds from the evidence the amount of $381.00."

Foreclosure of the vendor's lien was also awarded.

Fleming appeals.

### Opinion.

█ The facts outlined are such that Lon Morris College should be regarded as estopped to maintain this suit to recover upon the notes and to foreclose. The action of the college has been ·such it should be held to · have elected to rescind the contract and recover the land and bound by such election.

Appellees invoke the rule that an irrevocable election of remedies does not arise unless a party has two or more inconsistent remedies and elects to pursue one of them. In · this connection attention ·is called to the fact that on September 15, 1927, when the college gave Fleming notice of its election to rescind, it in fact had no remedy because the first note was not due. They further rightly assert the county court suit was not an action to rescind.

But the notice of election to rescind was accompanied by overt action of a suit in the county court and wrongful attachment all to Fleming's damage. Then, after · having filed the present suit, the college again invokes the remedy of rescission by separate suit (No. 3411) in the district court, and in that suit Fleming is dispossessed under sequestration proceedings. The various acts to which we have referred show such advantage gained by the college and damage to Fleming as to estop the college from prosecuting this suit to recover upon the notes and foreclose its lien. It should be compelled to abide by its election to rescind. Norris v; Wilkens (Tex. Civ. App.) 3 S.W.(2d) 126; Seamans Oil Co. v. Guy, 115 Tex. 93, 276 S. W. 424; Bauman v. Jaffray, 6 Tex. Civ. App. 489, 26 S. W. 260; 20 C. J. p. 33, § 23.

█ The court erred in sustaining the general demurrer of Kennedy to the cross-action. The only reason suggested in support of the ruling is that Kennedy acted as agent. This presents no defense for the wrongful attachment. An agent is jointly liable with his principal in tort. 2 Tex. p. 589, § 177.

█ In this connection, however, we call attention to the general rule that the malice of the agent ordinarily is not imputable to the principal. Tynburg v. Cohen, 67 Tex. 220, 2 S. W. 734; Heidenheimer v. Sides, 67 Tex. 32, 2 S. W. 87; Willis v. McNeill, 57 Tex. 465; Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1144; Yarbrough v. Brookins (Tex. Civ. App.) 294 S. W. 900; Wortham-Carter Pub. Co. v. Littlepage, 223 S. W. 1043; Wallace v. Finberg, 46 Tex. 35.

There is no finding in this case which renders the college liable in exemplary damages for the malice of Kennedy in suing out the attachment.

█ Since the college elected to rescind, it was entitled to possession of the land. For which reason no damage is recoverable by Fleming for rents.

Reversed, and judgment here rendered dismissing plaintiff's suit without prejudice to its right to pursue its remedy to rescind and recover the land. The judgment upon the cross-action is reversed and remanded for retrial.